Next case is number 2009-7125, Dawson v. DVA. Mr. Fox, remember you're ready. Your Honors, may it please the court, my name is William Fox for Mr. Dawson. With me at the council table is Robert Lang, also co-counsel on this case. This is a relatively simple case involving a very profound issue as it comes to this court. What the problem is, is the lower courts, Veterans Court misinterpretation and the Board of Veterans Appeals misinterpretation of an absolutely crucial term in the statute that provides for the presumption of soundness. Now the presumption of soundness, at least in my opinion, is one of the most important statutes that underlies the Veterans Claims System. Because, to borrow some of the vocabulary from the recent discussion on health care and things like that, it involves this very important issue of what the health care people call pre-existing condition. What is called here presumption of soundness. And what the presumption essentially involves is the concept that the military takes people, they give them a medical examination upon enlistment. This is what Mr. Dawson's situation was. He was an Army enlistee in the late 70s. And they inquire, by way of the physical examination, into this person's condition prior to enlistment. Now what happened here was that Mr. Dawson went through his induction, his enlistment physical. He was asked whether there was anything in his medical background. And he said something about heart murmur. That was recorded on his medical examination records. But your honors, that is not the crucial concept here. In order to be, I will use the term pre-existing condition, disqualifying Mr. Dawson from veterans benefits for this pre-existing condition of heart murmur. The condition has to be noted in his medical records at the time of enlistment. Not merely recorded. And it is this crucial term noted that brings us here today. Because both the Veterans Court and the Board of Veterans Appeals misconstrued the term noted as used in both the statute and the underlying regulations. So your view is, just if you could tell us, how they construed noted and how you think that's an error, how you would construe noted. Your honor, as nearly as we can make this out. And keep in mind that these enlistment physicals are cattle car situations where people are run through the process. There's an inquiry made typically by a medical officer. In this particular case, the medical officer made the inquiry to which Mr. Dawson responded heart murmur. But there was more than just the response in this case, right? There was a clinical evaluation and a medical examiner who made some notations with respect to abnormal heart disease and rheumatic heart disease. So it was not just me coming in and say this happened and the note only reflects that, right? Your honor, I'm not really sure the record is absolutely clear on what also occurred at that enlistment physical other than the mere inquiry. Well, if it's not clear, we're not going to be able to determine that at our level. So I think you've got to accept somebody's determination to that. And I think there was a determination that that's what happened, right? Well, in this particular case, in order for a condition to be properly noted, there is a very elaborate inquiry that must take place under the VA's regulations. Now, the presumption found in statute, 38 U.S.C. 1111, simply uses the term noted without, quite frankly, hardly any other elaboration. But when we look very closely at VA regulation 38 CFR 3.304B, and I've gone through that elaborately beginning on page 12 of my brief in chief, it's really in the VA reg where we get this elaborate delineation of what must take place on the part of the examining military service in order for a condition to be properly noted. But Mr. Fox, it sounds to me like you're arguing a factual determination as to whether or not all the facts were properly noted, not whether or not a notation was in fact undertaken, because here you not only have some notes on the entry examination, you also have subsequent examinations that were taking place with Mr. Dawson. So aren't you challenging the factual aspects of his examination? No, Your Honor. We are challenging the interpretation placed on 3.304B by both the Board of Veterans' Appeals and the Court of Veterans' Claims. That's where, and that is how we bring the issue to this court. You're bringing the issue up as a legal analysis, but is it really a legal analysis? Let's take a look at the underpinnings of your argument. You're saying that the facts were not properly presented, and if that's the case, then we have no jurisdiction over the issue. Your Honor, I think the facts are relatively clear. There was that inquiry of Mr. Dawson. There was the recordation of that inquiry on the medical examination papers, and then subsequently when Mr. Dawson put in his claim, no one, not the Board of Veterans' Appeals nor the Veterans' Court, saw fit to make the analysis required under 3.304B. It's very elaborate. You're asking for an extensive elaboration under the regulation. Is that a factual determination? If, in fact, the regulation requires five notations to be made of a particular physical characteristic and only four were made, is that a factual determination or a legal determination at that point? Your Honor, we believe it's a question of statutory construction because neither the board nor the court are free to disregard the entire language of the regulation, which is essentially what they did here. The regulation goes on at length as distinguishing between mere recordation and the crucial term noted, which establishes preexisting condition. So I think what we're talking about is statutory construction rather than really a factual disagreement. And getting to that, again, in the VA rec, 3.304B, sub 3, makes it absolutely clear that statements by the veteran are not in and of themselves sufficient to dislodge the presumption of soundness. So even though we've got a relatively cryptic insertion of the term VA was so concerned about this that they wrote all this elaborate language in their own regulation in order to- Can you just point us to exactly what you're talking about in the regulation? It's 304B1? Your Honor, it's 3.304B. And under that, well, it starts out simply with a recitation of presumption of soundness. And you can find this in a verbatim form on page 12 of my brief in chief. It starts out with a- No, I know. Are you referring to B1, B2? Oh, I'm sorry, Your Honor. In this particular case, just by way of illustration, in response to Judge Kadarza's question to me, I'm pointing out that the regulation itself says flatly what has to be worked through in order to come up with a properly noted condition for the presumption. And that includes, of course, discounting mere statements by the veteran as to what is wrong with either him or her. And the structure of the regulation itself, putting aside the vocabulary, putting aside the language of regulation, the structure of the regulation is such that it is clear that all three of these things, all three of the subtopics in 3304B, 1, 2, and 3, must be worked through in order to have a properly noted condition. This, Your Honor, is the statutory construction defect, which we perceive in this case. And I don't think it's merely factual. Was this issue raised before the Veterans Court? Yes, sir, it was. And with slightly different vocabulary, I know the Department of Justice raised this point as their initial point in their reply brief. Excuse me, in their brief. In my reply brief, I've given the court a number of references to the record and to the paperwork that was submitted on Mr. Dawson's behalf at the Veterans Court. And I could go through that elaborately, but the on page 50. You should focus on your strongest arguments. Time is limited. On page 57 of the joint appendix, which is Mr. Dawson's principal brief before the Veterans Court, and you'll find it in the joint appendix, page 57, what Mr. Dawson says, among other things, is the veteran requests that this court provide de novo review of the claim here. That's the statutory construction issue as required by prior court decisions. This case fits four square within the analysis seen in Miller. This court rejected the finding that the recording was noted as contemplated by the VA's own regulation. If after de novo review, this court reasonably finds that the veteran was not competent to self-diagnose, etc., etc., I will concede that Mr. Dawson, at the Veterans Court, could not use the precise formula of words that I'm using here before this court. But the issue was squarely presented. Time after time, in his pleadings at the Veterans Court, Mr. Dawson invokes the statute, 38 U.S.C. 1111, invokes VA Reg 3304B, which we've talked so long about, and talks about de novo review, which is the standard for review of statutory construction issues. And this court has made clear a number of times, has had, I believe, virtually all public courts, that you don't have to use precisely or verbatim the same language to preserve the issue for subsequent appeal. Mr. Fox, you're in your rebuttal time. Do you want to save it? Your Honor, with permission, I will sit down now. I'm not sure I will have anything further on rebuttal. Thank you very much. You might wait until the government's attorney speaks up, and then you probably rebut. Ms. Avesay? May it please the court, this court should dismiss for lack of jurisdiction, because Mr. Dawson raises only issues that concern the application of law to fact. As Mr. Dawson set forth in his brief and reiterated today, he believes that the medical examination only reflected what he called a mere recitation of what Mr. Dawson said at the examination. That is inconsistent with the factual findings made by the Board and the Veterans Court, that it was more than just a self-report of Mr. Dawson's medical history. Assuming, leaving aside the waiver and the jurisdictional issue, the government makes a substantive argument, if we're on the case, that the requirements that Mr. Dawson is pointing to in the regulation go beyond what the government is saying is required for an ample notation, right? Right. The regulation, well, the statute itself doesn't say anything other than noted. Right. And he would take, in his view, he would take all of the details required under the regulation and apply them and say that's what noted means, that's what's required. Right. And as I understood the government's position, that a lot of what's required in the regulation only exists, only comes into play once a presumption of soundness is already kicked in. That's correct, Your Honor. If you look at the regulation, B1 says history of pre-service existence of conditions recorded at the time of examination does not constitute a notation. So in that sense, we agree with Mr. Dawson that you need something more than just a self-reported history of pre-service conditions. The rest of the subsections of 3.304B, however, as we explain in our brief, only go to whether the presumption has been rebutted by clear and unmistakable evidence. Because if you read the rest of that sentence, it says history will be considered together with all other material evidence in determinations as to inception. That is, determinations as to whether the disorder existed before service or after service. The next sentence says determination. So you're saying if there's a notation that satisfies some other standard, then these subsections never kick in. Exactly. I guess I'm not clear on how we know that for sure. Well, it makes sense just by reading the subsections. For example, on subsection 2, towards the end, it says some of the evidence that should be considered would be records made prior to, during, or subsequent to service. Those type of records could not possibly explain whether or not a notation had been made on the medical exam itself. There would be no way to look to a record that was made subsequent to service and have that have any bearing on whether something had been noted at the time of medical exam. So if you look at the different factors that are required to be considered, it only makes sense to look at those factors if the disorder had not been noted initially to see whether there's any other evidence of record that the disorder preexisted service. And so the government's position on what noted requires, at least as a minimum, is? Noted requires, as a minimum, something more than self-reported history. That's all that we can get from the regulation. Well, the statute says nothing. The regulation only says self-reported history is not good enough. Beyond that... Well, you talk about diagnosis. I mean, the other side complains about it, but the government agrees then that you need some sort of diagnosis. Diagnosis is certainly a reasonable thing to look at. It's something that the Veterans Court mentioned in their decision. It makes sense if you have a self-reported history, and then the medical examiner or the doctor confirms that by a diagnosis. Certainly we believe that would be enough to show that it was noted. Would that be a determination of the scope of noted, or is that an interpretation of the term noted? The former. It would be the scope of noted, just simply applying noted to what is actually written on the medical exam report, which is what the Veterans Court did here. It said, well, we know looking at the regulation that self-reported history is not good enough, but if you look at what is factually on the medical exam report, it's something more than history, and we find that that is sufficient to be noted. What if the term noted in the statute could be interpreted to mean only the self-reported diagnosis by the veteran, by the inductee or the veteran in the pre-examination? Could that be interpreted in that manner? I'm not sure. It could be under the regulation. I understand what the regulation says, but noted is in the statute. Right. So it's a statutory term. So if the term noted was interpreted to allow only for a self-reporting type of a diagnosis, the individual says, I have a heart murmur, and it's noted in that respect. Is that sufficient? Under the right – Interpretation of the noted statute? Under the statute alone, certainly that would be sufficient because the statute doesn't say what noted means. Noted could simply mean anything written on the medical exam report, but VA in this regulation went a little farther than that and gave the veterans additional protection by saying self-report is not good enough. There has to be some confirmation, in this case a diagnosis, although we don't believe that's necessarily required, but certainly a diagnosis plus a self-report. Is that protection for the veteran or is that protection for the VA? I'm not quite sure. It's protection for the veteran in the sense that the veteran is not held to simply what they come in and say. For example, Mr. Dawson said, I had rheumatic fever when I was five years old. To hold the veteran to that statement and then take away the presumption of soundness, which we agree is an important presumption in favor of the veteran, that would be difficult. But if you say you need something more than just holding the veteran to a statement, you need some corroborating evidence that is favorable to the veteran. But if we had Judge Gaiard's hypothetical before us in a case, would the government concede we had jurisdiction? In other words, if all we had was the veteran's statement as the notation and Mr. Fox wanted to come up here and appeal the finding that that was sufficient, would we have jurisdiction on that case? Only if there had been a factual finding by the board or the veterans court that it was solely a self-report. So if the board said... It's solely a self-report, so we would have jurisdiction, right? Yes, and we would agree. So I guess the difficulty I have is the difference between that case and this case. If we would have jurisdiction, I agree with you, because it involves an interpretation of what noted means. I'm not seeing a lot of daylight between that issue and what's framed before us here. Both involve questions about what are the parameters. We have to decide what the parameters are of notation. Mr. Fox may be wrong, but I'm not sure. Can you tell me why you think we would have jurisdiction over the former and not over the second? Well, in the former case, it would clearly be an interpretation of the regulation. The regulation says history is not good enough. The veterans court would be explicitly interpreting and misinterpreting in that case to say self-report is good enough. But here, it's self-report plus some other facts that they need to look at. Right, and those other facts, you agree. There's a little ambiguity in the regulation. Your view is that that subsection does not apply in this instance because it wouldn't make any sense. Mr. Fox's view is that it would. Certainly, that issue could be within this court's jurisdiction. That is, whether everything under subsection B is something that needs to be considered and noted or whether there's only that portion that we think, the first sentence of B1, is the only relevant part in terms of noted. Yes, we agree that particular issue would be within this court's jurisdiction. But you think that's waived? Yes. The issue that's not within this court's jurisdiction is whether it was just the self-report or whether there was something more than just the self-report because we have factual findings below that it was more than a self-report. Does the issue have to be raised exactly as presented before us, before the Veterans Court? It could be just a substantive issue that was presented before the Veterans Court, before it's appealed to us. Well, the wording doesn't have to be the same. It doesn't have to be the exact same similarly or exactly the same worded issue. It just has to be raised as a similar issue. This court said in the Emanaker case, the veteran had raised an issue. It also involved the presumption of soundness. The veteran had raised an issue as to whether the physician's finding that it was at least as likely as not that his condition was aggravated, whether that was good enough. That was the issue before the Veterans Court. And then before this court, the veteran made an entirely different argument that medical opinion as opposed to medical principles would be sufficient to rebut the presumption. And this court held that the argument made here was entirely different and that, therefore, it had been waived because it hadn't been made before the Veterans Court. But this is not an entirely different argument, though, is it? It is a different argument in the sense that the argument he made below had to do with, well, kind of the argument he makes here but not an argument over which this court has jurisdiction, which is whether it's solely a self-report or whether there was something more than a self-report in the medical exam. Here, for the first time, he raises the issue of the meaning of the term noted and what we just discussed earlier about the regulation and how it applies, whether the subsections apply, in determining whether a condition was noted or not. That part of it is a new issue that was not raised below, not addressed by the Veterans Court. But the difficulty, there are certain circumstances, are there not, where the issue would only present itself based on what the court below decides? That's true, and that would be within this court's jurisdiction. Under this court's case in Forsyth, it would be within this court's jurisdiction if neither party raised an issue, but if the Veterans Court nonetheless went ahead and interpreted a statute or regulation or rule of law, then this court would have jurisdiction to consider the Veterans Court's interpretation, but that's not what we have here. There was no interpretation issue raised. It was an application of law to fact. The Veterans Court treated it as an application of law to fact, and that's all we have here. There is no pure legal issue for this court that the Veterans Court decided. These reasons we request that this court dismiss for lack of jurisdiction are in the alternative from the Veterans Court. Thank you. Your Honor, just one quick final point. Shoring up and buttressing why this case is a case of misinterpretation and misconstruction of the statute is the Veterans Court invocation of the term diagnosis. That word does not appear either in the statute or in the VA regulation and confirms that what the Veterans Court was doing was simply adding words to the regulatory scheme, which are not there. Let me just ask you briefly. I know that argument was in your brief, and it was kind of confusing to me, because it would seem to me that the veterans advocate would want to define noted to include diagnosis because that compels more. I mean, do you take issue with that because you think noted requires something less than a diagnosis? It might, Your Honor. The point is that in none of the facts presented here do we truly have a diagnosis of heart condition on the enlistment physical. Clearly, a diagnosis of heart murmur, heart defect at the time of enlistment would have, I believe, invalidated Mr. Dawson's enlistment. He wouldn't have been permitted to enter the armed services. What the Veterans Court may not do is add language to either the statute or the regulation. The court below appears to determine that there was a diagnosis of heart defect at that enlistment physical, and there simply was not. So it's not required. That word is not in the statute or the regulation. The court misconstrued the statute by adding language to the statute and the regulation, and that's why we have a question of statutory construction. Thank you, Mr. Fox. Case is submitted.